United States District Court
Southern District of Texas
**ENTERED**
May 20, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Willie J. Sam | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action 4:15-cv-03194 |
| | § | |
| Wells Fargo Bank, N.A., et al. | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION TO REMAND**

On October 30, 2015, Defendant Wells Fargo, N.A. ("Wells Fargo" or "Lender") filed a Notice of Removal with the District Court (Doc. No. 1) (hereinafter, "Notice"). Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 7) and Memorandum of Law in Support (Doc. No. 8). Wells Fargo has filed a Response in opposition (Doc. No. 12). On May 17, 2016, the District Court referred consideration of the motion to this Court for report and recommendation (Doc. No. 23). The Court **RECOMMENDS** that the Plaintiff's Motion to Remand be **DENIED** because there is federal jurisdiction based on complete diversity and removal was proper.

**I.     Background**

   **A. Plaintiff Alleges Defendant Improperly Foreclosed On His House**

This case arises from the foreclosure of Plaintiff's house. On February 27, 2006, Plaintiff Willie Sam ("Plaintiff" or "Sam") purchased a house located at 2403 Freeman Street, Houston,

1

Texas[1] for $130,300.00. (Doc. No. 1, Ex. B.1 at 2-3) (hereinafter, "Pet."). Wells Fargo served as

the lender of the purchase money for the property. *Id.* at 3. In exchange for the loaned money,

Plaintiff provided Wells Fargo with a Deed of Trust for the property and an Adjustable Rate

Promissory Note in the amount of $107,920.00 at an interest rate of 7.7500%. *Id.* The Deed of

Trust provided that Plaintiff would retain the right to reinstate the loan even after acceleration.[2]

*Id.* The Deed also provided that Plaintiff "would be given notice of change in the mortgage

servicer."[3] *Id.* at 4.

Plaintiff alleges he "made payments as they came due for approximately eight years." *Id.*

at 5. After this period, Plaintiff admits he fell behind in payments. *Id.* Plaintiff filed for

---

[1] Plaintiff refers to the address of the property at issue as 2403 A. Freeman Street, Houston, Texas. Pet. at 3. Meanwhile, Defendant's Response to the Motion to Remand misidentifies the property at issue as 17115 North Eubanks Road, Edinburg, Texas. Resp. at 1.

[2] Plaintiff quotes Paragraph 19 of the Deed in his petition:

> **Borrower's Right to Reinstate After Acceleration.** If the Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for termination [of] Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligations to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain effective as if no acceleration had occurred. However, this right to reinstate shall not apply in this case of acceleration under Section 18. *(Acceleration in the event of a transfer of property – i.e. due on sale clause)*. Pet. at 4.

[3] Plaintiff quotes Paragraph 20 of the Deed as follows:

> Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA [the Real Estate Settlement Procedures Act] requires in connection with a notice of transfer of servicing. Pet. at 4.

bankruptcy at this time, and purportedly continued to pay "as required under the debt restructuring plan." *Id.* Following the bankruptcy, Plaintiff contacted America's Servicing Company, but claims he was unable "to get a statement of any unpaid balance, arrearage or a monthly payment amount." *Id.*

On August 4, 2015, the property was foreclosed on at a public auction.[4] *Id.* at 9. Plaintiff claims that prior to this foreclosure sale, "the Lender did not send either the Notice of Default or the Notice of the Foreclosure sale to the proper address . . . ." *Id.* at 4. In addition, Plaintiff claims that "the Lender did not send the Borrower the notice of the new mortgage servicer." *Id.* At the foreclosure auction, the Trustee, Rex Kesler ("Kesler" or "Trustee"), began the bidding at $85,000.00. *Id.* at 5. After a "bidding war," Kafi, Inc. ("Kafi") paid $121,000.00 and was the winning bidder.[5] *Id.* Plaintiff claims that the Trustee and Lender failed to provide an accounting of the sales proceeds or remit excess proceeds to Plaintiff, "[d]espite the fact that there was a significant amount paid in excess of the balance due on the note . . . ." *Id.*

### B. Plaintiff Filed Suit in State Court to Void the Foreclosure Sale

On October 2, 2015, Plaintiff filed an Original Petition[6] in the 157th Judicial District Court of Harris County, Texas against WMC Mortgage Corporation ("WMC"), Kesler,[7] Wells Fargo, and Kafi. *See* Pet. at 1. Plaintiff claims that the Trustee's foreclosure sale is fatally defective because the Lender failed to send notice of default, notice of the foreclosure sale, and notice of the new loan servicer as the Deed and the Texas Property Code required. *Id.* at 6.

---

[4] Plaintiff's Original Petition also states that the foreclosure sale occurred on May 4, 2010. Pet. at 4.

[5] Plaintiff's Original Petition also states that the winning bidder of the foreclosure sale was "the Lender," here, presumably Wells Fargo. Pet. at 9.

[6] Plaintiff's Original Petition initially misidentifies Plaintiff as Derwin Tatum, rather than Willie Sam. Pet. at 1.

[7] Plaintiff spells Defendant's name as Rex Kessler, but Defendant Wells Fargo states in its Response that the correct spelling is Kesler. Resp. at 1 n.1.

Plaintiff asks the Court to order an independent audit and accounting of the excess proceeds from the foreclosure auction to determine the amount due Plaintiff. *Id.* Plaintiff seeks declaratory judgment clarifying "the rights, status or legal relations existing between the parties and the properties involved." *Id.* at 7. In his Original Petition, Plaintiff asserted claims for breach of contract against "the Lender," which he failed to define, and for statutory and common law fraud against an unspecified "Defendant" concerning alleged behavior of "the Lender." *Id.* at 8. Plaintiff also seeks reasonable attorneys' fees for prosecuting this action. *Id.* at 7. Finally, Plaintiff asks the Court to set aside the foreclosure sale as void. *Id.* at 9.

## II.      Plaintiff's Motion for Remand

On October 30, 2015, Wells Fargo removed this case to federal court, based on diversity jurisdiction. Prior to removal, Wells Fargo did not obtain the consent of any of the other three named Defendants. Plaintiff filed a Motion to Remand, asserting that complete diversity does not exist because two of the Defendants are Texas residents. Wells Fargo opposes remand, and claims that Plaintiff improperly joined the two nondiverse Defendants and therefore their citizenship should be disregarded. Notice at 3.

### A.  Removal Requires Defendant to Establish Federal Diversity Jurisdiction and That Removal Is Proper

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Gunn*, 133 S. Ct. at 1064 (quoting *Kokkonen*, 511 U.S. at 377).

4

As a general matter, defendants may remove to federal court those state court civil actions over which the federal courts would have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 228 (5th Cir. 2013). One principle category of cases over which district courts have original jurisdiction, and thus removal jurisdiction, is those cases which fall under diversity jurisdiction. *See* 28 U.S.C. § 1332. "Under the federal removal statute, a civil action may be removed from a state court to a federal court on the basis of diversity. This is so because the federal court has original subject matter jurisdiction over such cases." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, ___ F.3d ___, 2016 WL 1274030 at *2 (5th Cir. Mar. 31, 2016) (citing 28 U.S.C. § 1441(a)).

A plaintiff who believes that a case has been improperly removed may seek to have the federal court remand the matter to state court, and if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and that removal is otherwise proper. *Vantage Drilling Co.*, 741 F.3d at 537; *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). This is "a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). "As 'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns' and as such must be strictly construed." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 280-81 (5th Cir. 2007) (quoting *Carpenter v. Wichita Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v.*

*Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see also Oliva v. Chrysler Corp.*, 978 F. Supp. 685, 688 (S.D. Tex. 1997) ("If federal jurisdiction is doubtful, a remand is necessary." (internal quotation marks and citation omitted)).

In general, "whether an action should be remanded to state court must be resolved by the district court with reference to the complaint, the notice of removal, and the state court record at the time the notice of removal was filed." Charles Allan Wright, et al., 14C *Federal Practice & Procedure* § 3739 (4th ed. 2016). However, "a federal court is not limited to the pleadings [but] may look to any record evidence." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (courts "may receive affidavits, deposition testimony or live testimony concerning the [relevant] facts"); *see also* Wright et al., 14C *Federal Practice & Procedure* § 3734 ("[F]ederal courts usually do not limit their inquiry to the face of the plaintiff's complaint, but rather consider the facts disclosed in the record of the case as a whole, in determining the propriety of removal.").

### B. Diversity Requires Complete Diversity Between Plaintiff and All Defendants

A district court has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The diversity statute has long been interpreted to mandate a rule of "complete diversity," meaning that it "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In addition, the federal removal statute bars removal solely on the basis of diversity if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2); *see also Lincoln Prep. Co. v. Roche*, 546 U.S. 81, 90 (2005);

*Gasch*, 491 F.3d at 281. That restriction applies "even when complete diversity exists." *Rincon Del Sol, LLC v. Lloyd's of London*, 709 F. Supp. 2d 517, 520 (S.D. Tex. 2010).

Here, the Plaintiff is a Texas citizen. Pet. at 1. Whether this case was properly removed depends on the citizenship of each of the four Defendants. Wells Fargo claims, however, that the other Defendants were improperly joined and their citizenship should be disregarded for the purpose of determining whether diversity exists.

### C. Diversity Jurisdiction Exists If Nondiverse Parties Are Improperly Joined

"[A] case may be removed despite a non-diverse defendant, if that defendant was improperly joined, i.e. was named for the purpose of destroying diversity." *Frisby v. Lumbermens Mut. Cas. Co.*, 500 F. Supp. 2d 697, 698 (S.D. Tex. 2007) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004)).

The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Where it finds that a defendant has been improperly joined, a court "may disregard the citizenship of that defendant" for diversity purposes. *Flagg v. Stryker Corp.*, No. 14-31169, ___ F.3d ___, 2016 WL 1169067, at \*2 & n.5 (5th Cir. Mar. 24, 2016) (*en banc*).

Wells Fargo does not allege that Plaintiff's pleadings contained actual fraud, so only the second prong of the improper joinder test is at issue here. The question under that second prong is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable

basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

The court "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). If there is "a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court." *Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010).

When a court is analyzing "whether a plaintiff has a reasonable basis of recovery under state law," it may

> resolve the issue the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573. "[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures*, ___ F.3d at ___, 2016 WL 1274030, at *8 (emphasis in original). In conducting this analysis, "[a] federal court must apply the federal pleading standard." *Id.*

The United States Supreme Court articulated the federal pleading standard for Rule 12(b)(6) analysis in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556

8

U.S. at 677-78. "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While "a court must accept as true all of the allegations contained in a complaint," this "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 679 (citing *Twombly*, 550 U.S. at 555).

As the Court contemplated in *Smallwood*, a Rule 12(b)(6)-type analysis is sufficient to determine the propriety of the joinder of the Defendants. 385 F.3d at 573.

### III.   Wells Fargo Has Demonstrated That Federal Diversity Jurisdiction Exists and Therefore That Removal Was Proper

To survive Plaintiff's Motion to Remand, Wells Fargo argues that the Court has jurisdiction over this case based upon diversity of parties. Notice at 4. First, Wells Fargo must establish that the amount in controversy exceeds the jurisdictional limit. In addition, Wells Fargo must establish complete diversity between the Plaintiff and properly joined Defendants. *See Frisby*, 500 F. Supp. 2d at 698. Wells Fargo must also demonstrate that it was not required to obtain consent to remove from the other Defendants.

**A. Wells Fargo Established The Amount in Controversy Exceeds $75,000**

As an initial matter, diversity jurisdiction is only proper when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1). Although Plaintiff's Original Petition seeks monetary relief "between $100,000 to $200,000.00," it does not provide a specific monetary demand. Pet. at 9.

> [W]here, as here, the petition does not include a specific monetary demand, [Defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount."

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (internal citations and quotation marks omitted). "In actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

Defendant states in its Notice of Removal that the "most recent tax appraisal for the Property valued it at $120,994.00." Notice at 11. The Court may take judicial notice of public records. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) ("Federal Rule of Evidence 201(b)(2) provides that courts 'may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("And, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). The records of the Harris County Appraisal District

list the property as valued at $120,994 for 2015 and $144,089 for 2016.[8] Defendant has therefore

met its burden of demonstrating that the amount in controversy exceeds $75,000.

### B. Diversity Exists Between Plaintiff and Wells Fargo

It is undisputed that Plaintiff is a citizen of Texas. Pet. at 1. Defendant Wells Fargo is a

national bank and therefore a citizen of the state in which its main office, as designated in its

articles of association, is located. 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303,

307 (2006) ("[W]e hold that a national bank, for § 1348 purposes, is a citizen of the State in

which its main office, as set forth in its articles of association, is located."). Accordingly, Wells

Fargo is a citizen of South Dakota. Plaintiff and Defendant Wells Fargo are diverse.

### C. Defendant WMC Mortgage Corporation Is Diverse and Was Not Required to Join the Notice of Removal Because It Was Not Served

According to Plaintiff's Original Petition, WMC is a California corporation. Pet. at 1. Its

citizenship therefore would not defeat diversity jurisdiction in federal court here.

Because Defendant Wells Fargo did not join WMC in its Notice of Removal, however,

the removal must fail unless Wells Fargo can show that either WMC was not served in this case

or WMC was improperly joined. *See Frisby*, 500 F. Supp. 2d at 698; *Getty Oil Corp. v. Ins. Co.

of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). "[A]ll defendants who are properly joined **and**

**served** must join in the removal petition, and . . . failure to do so renders the [removal] petition

defective." *Getty Oil*, 841 F.2d at 1262 (emphasis added). In its Notice of Removal, Wells Fargo

relies on the Harris County Clerk's docket sheet to establish that WMC had not been served at

the time its Notice was filed. Notice at 3 n.4.[9] In his Motion to Remand, Plaintiff provides

---

[8]  Harris County Appraisal District, *Real Property Account Information #1248880010002*, http://www.hcad.org/records/details.asp?crypt=%94%9A%B0%94%BFg%85%8F%83%82pl%8El%88tXtZW%9E %99%A2%D3%89%95%C2e%7CU%8A%82%86%C0%AB%A8%AD%86%5E&bld=1&tab=2 (May 13, 2016).

[9] The docket sheet is a public record and the court may take judicial notice of its contents. *Swindol*, 805 F.3d at 519.

evidence that Defendants Kafi and Kesler were served, on November 6, 2015 and November 13, 2015, respectively. Mot. Ex. A, B. However, Plaintiff makes no mention of Defendant WMC. Given the lack of evidence that WMC has been served and Plaintiff's silence on the matter, this Court finds that WMC was not served. Consequently, Wells Fargo was not required to obtain WMC's consent prior to removal.

As WMC's consent was not required in the Notice of Removal, and the presence of WMC in this action does not defeat diversity, the Court need not decide whether WMC has been improperly joined.[10] *Smallwood*, 385 F.3d at 574 ("[a] claim of improper joinder *by definition* is directed toward the joinder of the *in-state party*" (emphasis added)); *see Hauck v. Borg Warner Corp.*, 2006 WL 2927559, at *6 (M.D. Fla. Oct. 12, 2006) ("However, where a diverse or out-of-state defendant is allegedly fraudulently joined . . ., the impediment to proper removal is not the plaintiff's joinder of that defendant but rather that defendant's lack of consent . . . .").

### D. Kesler Was Improperly Joined and His Citizenship Is Disregarded for Diversity Purposes

Kesler is a citizen of Texas. Pet. at 2. His inclusion in this action would therefore defeat diversity unless Wells Fargo can show that Kesler was improperly joined, and the Court should therefore disregard his citizenship.[11] *See Frisby*, 500 F. Supp. 2d at 698.

Kesler is the Trustee who effectuated the foreclosure of Plaintiff's property. In his Original Petition, Plaintiff claims that following the foreclosure sale, Kesler failed "to provide an accounting of the sales proceeds [or] remit the excess proceeds to Willie Sam [Plaintiff]." Pet. at 5. Additionally, Plaintiff claims that the "Lender" failed to provide various forms of notice as the

---

[10] Plaintiff failed to make specific allegations or any claims against WMC as an individual Defendant. Pet. at 1. Consequently, the petition runs afoul of the federal pleading standard articulated in *Twombly* and *Iqbal*. *See Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. at 677-78.

[11] Plaintiff has produced evidence that Kesler was served. *See* Mot., Ex. B.

Deed of Trust and Texas Property Code required. *Id.* at 4. In the Motion for Remand, Plaintiff argues that Kesler "is a proper party to this suit given [Plaintiff's] allegations that he did not get the proper notices . . . ." Mot. at 11. Plaintiff argues, therefore, that the "Lender's" failure to provide the notices is also a failure of the Trustee. *Id.*

Texas law requires that a property owner receive proper notice prior to any foreclosure sale. Specifically, the Texas Property Code provides that the debtor must receive "notice of the sale" at least 21 days before the sale and notice "that the debtor is in default under the deed of trust" at least 20 days before notice of the sale is served. Tex. Prop. Code § 51.002 (b), (d). The Texas Property Code also provides immunity to trustees under a deed of trust acting in good faith in the scope of their authority:

> (a) The trustee named in a suit or proceeding may plead in the answer that the trustee is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust . . .
> . . .
> (f) A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party.

Tex. Prop. Code § 51.007; *see Rojas v. Wells Fargo Bank, N.A.*, 571 Fed. App'x. 274, 277 (5th Cir. 2014) ("[T]he Texas Property Code creates a qualified immunity for mortgage trustees who make good faith errors. [Plaintiff] does not provide any allegations that [Defendant Trustee] was acting in bad faith, and therefore has no reasonable basis for recovery.") (citations omitted); *R&L Inv. Prop., LLC v. Green*, 2014 WL 1807618, at *8 (N.D. Tex. May 6, 2014) ("[C]ourts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee."). "Where the plaintiff did not allege bad faith on the part of the defendant, courts have held that substitute trustees were

13

improperly joined for the purposes of establishing diversity jurisdiction." *Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP*, 2013 WL 1619691, at *3 (S.D. Tex. Mar. 22, 2013), *adopted by* Order Adopting Mag.'s Mem. and Rec., Apr. 17, 2013. *But see Rodriguez v. Ocwen Loan Servicing LLC*, 2008 WL 65405, at *4-5 (S.D. Tex. Jan. 4, 2008) ("contrary to the argument of the removing Defendants, Section 51.007 does *not* mandate dismissal of all claims against a trustee, but rather provides that a trustee may be dismissed under certain circumstances.").

Kesler has not filed the verified denial under § 51.007(a) seeking the "safe harbor" of § 51.007(f). *See Williams v. Wells Fargo* Bank, 2014 WL 1024003, at *4-5 (S.D. Tex. Mar. 13, 2014). However, Plaintiff has not alleged that Kesler acted in bad faith. Instead, Plaintiff alleges that Kesler failed to provide the required notices and an accounting with a remittance of the excess proceeds from the foreclosure sale, all acts within the scope of his role as Trustee. Pet. at 4-5. Thus, Kesler is immune from suit for actions undertaken in the scope of his role as Trustee. Tex. Prop. Code § 51.007(f).

Given Kesler's immunity from suit for acts undertaken as a Trustee, and Plaintiff's failure to allege any facts or claims against Kesler in an individual role, Plaintiff has failed to "state a claim to relief [against Kesler] that is plausible on its face." *Twombly*, 550 U.S. at 570. As such, Wells Fargo has demonstrated that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [this] in-state defendant." *Smallwood*, 385 F.3d at 573.

Therefore Kesler was improperly joined and his citizenship is disregarded for determination of federal diversity jurisdiction.

### E. Defendant Kafi, Inc. Was Improperly Joined and Its Citizenship Is Disregarded for Diversity Purposes

Kafi is a citizen of Texas. Pet. at 2. Its inclusion in this action therefore would defeat diversity, unless Wells Fargo can show that Kafi was improperly joined, and the Court should disregard its citizenship. *See Frisby*, 500 F. Supp. 2d at 698.[12]

Plaintiff claims that, because Kafi was the purchaser of the property, it is a necessary party. However, Plaintiff fails to state any cause of action against Kafi. For example, in the Original Petition, Plaintiff claims that Kafi was the winning bidder at the foreclosure sale, and that Kafi initiated a Forcible Detainer action against Plaintiff following the sale. Pet. at 4-5. In the Motion for Remand, Plaintiff claims that Kafi is "an indispensable party to the lawsuit, since the petition seeks to set aside the Substitute Trustee's [Kesler's] Deed, and Kafi, Inc. was the grantee. Clearly, the Court [cannot] adjudicate the property rights of Kafi, Inc. without notice and an opportunity to be heard." Mot. at 12.

In response, Defendant Wells Fargo claims that Plaintiff's argument that the foreclosure sale is void, rather than voidable, makes Kafi an unnecessary party, because a void foreclosure sale would have no legal effect and would pass no legal rights to Kafi. Resp. at 9-10. Wells Fargo argues that Kafi would consequently have no legal rights to protect in this action should the Court find the foreclosure sale void. *Id.*

The only claim Plaintiff has stated which could implicate Kafi is his claim to set aside the foreclosure sale as void. Pet. at 9. "Under Texas law, however, '[a]ny suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought.'" *James v. Wells Fargo, N.A.*, 2014 WL

---

[12] Plaintiff has produced evidence that Kafi was served. Mot. Ex. A.

2123060, at *7 (S.D. Tex. May 21, 2014) (citing *Jordan v. Exxon Corp.*, 802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ)).  Trespass to try title is a statutory action with specific pleading requirements. *Singha v. BAC Home Loans Servicing, L.P.*, No. 13-40061, 2014 WL 1492301, at *5 (5th Cir. April 17, 2014) (citing Tex. Prop. Code Ann. § 22.001; Tex. R. Civ. P. 783). "To succeed, the 'Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitation, or (4) prove title by prior possession coupled with proof that possession was not abandoned.'" *Id.* (quoting *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)).  "The rule has long been established in [Texas] that where a deed is absolutely void, a suit at law in trespass to try title may be maintained to recover the land without setting the deed aside," *Slaughter v. Quails*, 162 S.W.2d 671, 674 (1942), and therefore that "[f]ailure to follow the terms of the deed of trust will give rise to a cause of action to set aside the trustee's deed." *University Sav. Add'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982) (citing *Slaughter*, 162 S.W.2d at 671)).

"[S]everal Texas courts have held that where a bank did not strictly comply with the notice requirements of Tex. Prop. Code § 51.002, as is alleged by the case here, the resulting foreclosure sale may be void." *Fraley v. BAC Home Loans Servicing, LP*, 2012 WL 779130 at *9 (N.D. Tex. Jan. 10, 2012), *report and recommendation adopted*, WL 779654 (N.D. Tex. Mar. 9, 2012) (citing *Lido Intern., Inc. v. Lambeth*, 611 S.W.2d 622, 624 (Tex. 1981); *Shearer v. Allied Live Oak Bank*, 758 S.W.940, 942 (Tex. App.—Corpus Christi 1988); *Mitchell v. Texas Commerce Bank-Irving*, 680 S.W.2d 681, 682 (Tex. App.—Fort Worth 1984)). In *Fraley*, in seeking to void the foreclosure sale, plaintiff asserted claims to quiet title claim and trespass-to-try against the purchaser, requiring the purchaser to remain in the suit. *Id.* at *9.

16

Here, the Court will construe Plaintiff's allegations seeking to set aside the foreclosure sale as a claim to trespass to try title. Pet. at 9; *see also James*, 2014 WL 2123060, at *7-8 (interpreting Plaintiff's action to set aside the foreclosure sale as, *inter alia*, a claim to trespass to try title). "[T]o be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender . . . the full amount owed on the note." *Hill v. Wells Fargo Bank, N.A.*, No. V-12-11, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012) (citing *Lambert v. First Nat'l Bank of Bowie*, 999 S.W.2d 833, 835 (Tex.App.-Fort Worth 1999, pet. denied) (citation omitted)); *Kaechler v. Bank of America, N.A.*, No. H-12-423, 2013 WL 127555, at *7 (S.D. Tex. Jan. 9, 2013). Plaintiff has failed to allege that he tendered the amount owed on the note, and has conceded that he became delinquent in his payments. Pet. at 5. "Courts have held that when a plaintiff fails to affirmatively plead tender of the outstanding balance the complaint is subject to dismissal for failure to state a claim." *James*, 2014 WL 2123060, at *8 (citing *Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-CV-810, 2013 WL 3807756, at *7 (S.D. Tex. July 19, 2013); *Kaechler*, 2013 WL 127555, at *7; *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, No. H-10-3828, 2012 WL 2122198, at *2 (S.D. Tex. June 11, 2012); *Hill*, 2012 WL 2065377, at *8-9.).

Plaintiff arguably asserts the trespass to try title claim against all Defendants, and this pleading defect equally disposes of this claim against them. "[W]hen a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant. In such a situation, the entire suit must be remanded to state court." *Smallwood*, 385 F.3d at 571. Although the defect in the pleadings for Plaintiff's claim to set aside the foreclosure sale applies equally to the same claim against all Defendants, it does not dispose of all claims against Wells Fargo. Plaintiff has asserted multiple claims against Wells

Fargo, including claims for statutory and common law fraud and for breach of contract.[13]   Mot. at 5.   Accordingly, the defect in pleading has not disposed of all Defendants, and remand is inappropriate. Because Plaintiff seeks to have the foreclosure sale set aside as void, but fails to plead the necessary condition precedent, and fails to specifically allege any other claim for relief against Kafi, Plaintiff has failed to "state a claim to relief [against Kafi] that is plausible on its face." *Twombly*, 550 U.S. at 570. Wells Fargo has thus demonstrated that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [this] in-state defendant." *Smallwood*, 385 F.3d at 573.

Therefore, Kafi was improperly joined and its citizenship is disregarded for determination of federal diversity jurisdiction.

### IV.   Conclusion

The Court finds that removal was proper. The two in-state Defendants, Kesler and Kafi, were improperly joined. Their citizenship will be disregarded in determining the propriety of federal diversity jurisdiction. *Frisby*, 500 F. Supp. 2d at 698. The remaining parties, Plaintiff (Texas) and Defendants WMC (California) and Wells Fargo (South Dakota), are completely diverse. The Court **RECOMMENDS** that Plaintiff's Motion for Remand be **DENIED**. The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

---

[13] Plaintiff also alleges claims for declaratory judgment, injunctive relief, and an accounting for excess foreclosure sale proceeds.  Mot. at 5.

DATE: May 20, 2016

**DENA HANOVICE PALERMO**
**UNITED STATES MAGISTRATE JUDGE**