United States District Court
Southern District of Texas
**ENTERED**
July 15, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Willie J. Sam | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action 4:15-cv-03194 |
| | § | |
| Wells Fargo Bank, N.A., et al. | § | |
| | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' MOTIONS TO DISMISS

On October 30, 2015, Defendant Wells Fargo, N.A. ("Wells Fargo" or "Lender") filed a Notice of Removal with the District Court (Doc. No. 1) ("Notice"). Pending before the Court are Wells Fargo's Motion to Dismiss (Doc. No. 6) ("WF Mot.") and Defendant Rex Kesler's ("Kesler" or "Trustee") Motion to Dismiss (Doc. No. 7) ("Kesler Mot."). Plaintiff filed Responses (Docs. No. 10, 13) and Memoranda of Support (Docs. No. 11, 14) in opposition to both Motions. On May 19, 2016, the District Court referred consideration of the two motions to dismiss to this Court for report and recommendation (Doc. No. 24). The Court **RECOMMENDS** that Wells Fargo's Motion to Dismiss be **GRANTED** in part and **DENIED** in part, that Kesler's Motion to Dismiss be **GRANTED** in part and **DENIED** in part, and that Plaintiff be given leave to amend his complaint.

1

## I.     Background

### A. Plaintiff Alleges Defendant Improperly Foreclosed On His House

This case arises from the foreclosure of Plaintiff's house.  On February 27, 2006, Plaintiff

Willie Sam ("Plaintiff" or "Sam") purchased a house located at 2403 Freeman Street, Houston,

Texas for $130,300.00.  (Doc. No. 1, Ex. B.1 at 2-3) (hereinafter, "Pet.").  Wells Fargo served as

the lender of the purchase money for the property.  *Id.* at 3.  In exchange for the loaned money,

Plaintiff provided Wells Fargo with a Deed of Trust for the property and an Adjustable Rate

Promissory Note in the amount of $107,920.00 at an interest rate of 7.7500%.  *Id.*  The Deed of

Trust provided that Plaintiff would retain the right to reinstate the loan even after acceleration.[1]

*Id.*  The Deed also provided that Plaintiff "would be given notice of change in the mortgage

servicer."[2]  *Id.* at 4.

---

[1] Plaintiff quotes Paragraph 19 of the Deed in his petition:

> **Borrower's Right to Reinstate After Acceleration.** If the Borrower meets certain conditions,
> Borrower shall have the right to have enforcement of this Security Instrument discontinued at any
> time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale
> contained in this Security Instrument; (b) such other period as Applicable Law might specify for
> termination [of] Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security
> Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be
> due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any
> default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this
> Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection
> and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the
> Property and rights under this Security Instrument; and (d) takes such action as Lender may
> reasonably require to assure that Lender's interest in the Property and rights under this Security
> Instrument, and Borrower's obligations to pay the sums secured by this Security Instrument, shall
> continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses
> in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c)
> certified check, bank check, treasurer's check or cashier's check, provided any such check is
> drawn upon an institution whose deposits are insured by a federal agency, instrumentality or
> entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument
> and obligations secured hereby shall remain effective as if no acceleration had occurred. However,
> this right to reinstate shall not apply in this case of acceleration under Section 18. *(Acceleration in
> the event of a transfer of property – i.e. due on sale clause)*. Pet. at 4.

[2] Plaintiff quotes Paragraph 20 of the Deed as follows:

> Borrower will be given written notice of the change which will state the name and address of the
> new Loan Servicer, the address to which payments should be made and any other information

Plaintiff alleges he "made payments as they came due for approximately eight years." *Id.* at 5. After this period, Plaintiff admits he fell behind in payments. *Id.* Plaintiff filed for bankruptcy at this time, and purportedly continued to pay "as required under the debt restructuring plan." *Id.* Following the bankruptcy, Plaintiff contacted America's Servicing Company, but claims he was unable "to get a statement of any unpaid balance, arrearage or a monthly payment amount." *Id.*

On August 4, 2015, the property was foreclosed on at a public auction.[3] *Id.* at 9. Plaintiff claims that prior to this foreclosure sale, "the Lender did not send either the Notice of Default or the Notice of the Foreclosure sale to the proper address . . . ." *Id.* at 4. In addition, Plaintiff claims that "the Lender did not send the Borrower the notice of the new mortgage servicer." *Id.* At the foreclosure auction, the Trustee, Kesler, began the bidding at $85,000.00. *Id.* at 5. After a "bidding war," Kafi, Inc. ("Kafi") paid $121,000.00 and was the winning bidder.[4] *Id.* Plaintiff claims that the Trustee and Lender failed to provide an accounting of the sales proceeds or remit excess proceeds to Plaintiff, "[d]espite the fact that there was a significant amount paid in excess of the balance due on the note . . . ." *Id.* Plaintiff remains in possession of the property. *Id.* at 4-5.

---

RESPA [the Real Estate Settlement Procedures Act] requires in connection with a notice of transfer of servicing. Pet. at 4.

[3] Plaintiff's Complaint also states that the foreclosure sale occurred on May 4, 2010. Pet. at 4. According to the records of the Harris County Appraisal District, Defendant Kafi gained title to the property on August 4, 2015. Harris Country Appraisal District, *Ownership History Account 1248880010002*, http://www.hcad.org/records/ Ownership.asp?acct=1248880010002&taxyear=2016 (July 15, 2016). The records of the Harris County Appraisal District are public records of which the Court may take judicial notice. *See Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 519 (5th Cir. 2015) ("Federal Rule of Evidence 201(b)(2) provides that courts 'may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

[4] Plaintiff's Complaint also mistakenly states that the winning bidder of the foreclosure sale was "the Lender," here, presumably Wells Fargo. Pet. at 9.

### B. Plaintiff Filed Suit in State Court to Void the Foreclosure Sale

On October 2, 2015, Plaintiff filed an Original Petition[5] (hereinafter, "Complaint") in the 157th Judicial District Court of Harris County, Texas against WMC Mortgage Corporation ("WMC"), Kesler, Wells Fargo, and Kafi. *See* Pet. at 1. Plaintiff claims that the Trustee's foreclosure sale is fatally defective because the Lender failed to send notice of default, notice of the foreclosure sale, and notice of the new loan servicer as the Deed and the Texas Property Code required. *Id.* at 6. Plaintiff asks the Court to set aside the foreclosure sale as void. *Id.* at 2, 4, 9. Plaintiff also asserts claims for breach of contract against "the Lender," which he has failed to define. *Id.* at 8. Plaintiff asks the Court to order an independent audit and accounting of the excess proceeds from the foreclosure auction to determine the amount due Plaintiff. *Id.* at 6. Plaintiff also asserts statutory and common law fraud against an unspecified "Defendant" concerning alleged behavior of "the Lender." *Id.* at 7. Plaintiff seeks declaratory judgment "[p]ursuant to Tex. Civ. P. & Rem. Code, chapter 37," clarifying "the rights, status or legal relations existing between the parties and the properties involved." *Id.* Plaintiff requests injunctive relief "enjoining Defendant, in conformity with the allegations of this petition, from the acts set forth herein during the pendency of this suit." *Id.* at 10. Finally, Plaintiff also seeks reasonable attorneys' fees for prosecuting this action. *Id.* at 7.

### C. Defendant Wells Fargo Removed the Suit to Federal Court

On October 30, 2015, Wells Fargo removed this case to federal court, based on diversity jurisdiction. Following consideration of Plaintiff's Motion to Remand (Doc. No. 7) and accompanying filings, this Court found the case properly removed under federal diversity jurisdiction, and recommended that the Motion to Remand be denied. *Sam v. Wells Fargo Bank,*

---

[5] Plaintiff's Complaint initially misidentifies Plaintiff as Derwin Tatum, rather than Willie Sam. Pet. at 1.

4

*N.A. et al.*, 2016 WL 3002359 (S.D. Tex. May 20, 2016).  The pending motions before this Court from Defendants Wells Fargo and Kesler seek dismissal of the claims against them for Plaintiff's failure to state a claim upon which relief can be granted.  WF Mot. at 1; Kesler Mot. at 1.

## II.   Legal Standard for Rule 12(b)(6) Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  However, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted."  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, 748 F. Supp. 2d 656 (S.D. Tex. 2010) (Atlas, J.).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Culliver v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted).  That is, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

The ultimate question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff.  The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth.  *Id.* at 678.  A

court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Farshchi v. Wells Fargo Bank, N.A.*, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (Lake, J.) (citing *Flynn v. State Farm Fire and Casualty Insurance Co. (Texas)*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009)).

### III.   Plaintiff's Claims For Relief

Plaintiff's Complaint asserts claims for relief against Wells Fargo and Kesler. Concerning Wells Fargo, as the Lender, the Plaintiff asks the Court to (1) issue an order setting aside the foreclosure sale as void (Pet. at 4, 9); (2) find breach of contract (Pet. at 7); (3) require an accounting of the proceeds from the foreclosure sale (Pet. at 6); (4) find statutory and common law fraud (Pet. at 8); (5) issue declaratory judgment under Tex. Civ. P. & Rem. Code, Chapter 37 (Pet. at 7); (6) issue any necessary injunctive relief (Pet. at 9); and (7) award reasonable attorney's fees for pursuing this suit (Pet. at 9). Concerning Kesler, the Plaintiff alleges that the Trustee did not provide an accounting of the profit from the foreclosure sale.[6]

Wells Fargo argues that all of Plaintiff's causes of action fail to state a claim upon which relief can be granted. WF Mot. at 1. Kesler argues that the only claim alleged against him is for an accounting, and argues that Plaintiff has failed to state a claim upon which relief can be granted. Kesler Mot. at 1. Accordingly, both Wells Fargo and Kesler argue that all of Plaintiff's

---

[6] In his Responses to both Wells Fargo's Motion to Dismiss and Kesler's Motion to Dismiss, Plaintiff summarizes his Petition as encompassing five claims or causes: (1) breach of contract; (2) statutory and common law fraud; (3) injunctive relief under Tex. Bus. & Comm. Code, section 16.29; (4) declaratory judgment; and (5) accounting for the excess sales proceeds. (Doc. No. 11 at 2). There is some discrepancy between the claims alleged in Plaintiff's Complaint and his Responses. There is also ambiguity over which claims are alleged against which Defendants. The Court, however, will liberally construe the Complaint and consider all claims in its analysis of the Motion.

claims against them must be dismissed under Federal Rule of Civil Procedure 12(b)(6).  WF Mot. at 1; Kesler Mot. at 1.

### A.  Plaintiff's Action to Set Aside the Foreclosure Sale

Plaintiff alleges that "[t]his action is a suit to set aside the foreclosure sale . . ." Pet. at 4. In support of his "suit to set aside [the] foreclosure sale," Pet. at 2, Plaintiff alleges that "the Lender did not send either the Notice of Default or the Notice of the Foreclosure sale to the proper address, designated by [Plaintiff], required both by the Deeds of Trust and the Texas Property Code [§51.002]." Pet. at 9.

### 1.  Interpreted As Wrongful Foreclosure, Plaintiff's Claim Fails

"Courts generally construe claims alleging failure to properly notice under §51.002 as claims for wrongful foreclosure." *James v. Wells Fargo Bank, N.A.*, 2014 WL 2123060, at *6 (S.D. Tex. May 21, 2014) (Lake, J.) (citing *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) (Atlas, J.); *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7-8 (S.D. Tex. June 6, 2012) (Rainey, J.); and *Martinez-Bey v. Bank of Am., N.A.*, 2013 WL 3054000, at *10-11 (N.D. Tex. June 18, 2013)). "To assert a claim for wrongful foreclosure, a plaintiff must show '(1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price.'" *Farshchi*, 2016 WL 2858903, at *5 (citing *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013) (Harmon, J.)); *see also Pollett v. Aurora Loan Services*, 455 F. App'x 413, 415 (5th Cir. 2011) (citing *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)).

Although Plaintiff has alleged a defect in the foreclosure sale proceedings because he did not receive notice, he has failed to allege either a grossly inadequate selling price[7] or a causal connection between the defect and the grossly inadequate selling price. Because of this, Plaintiff's Complaint lacks allegations regarding two required elements necessary to obtain relief. *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. Feb. 23, 2009) ("[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."). Accordingly, "to the extent Plaintiff[] seek[s] to set aside the foreclosure sale based on a theory of wrongful foreclosure, such claim" should be dismissed. *James*, 2014 WL 2123060, at *6.

Additionally, in *Farshchi*, the Court held:

> Because recovery for wrongful foreclosure is premised upon loss of possession, a person who never loses possession of the property cannot recover on a theory of wrongful foreclosure. *See Motten v. Chase Home Finance*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (Harmon, J.); *Sander v. Citimortgage, Inc.*, 2011 WL 1790732, at *2 (E.D. Tex. Mar. 24, 2011) ("[F]or a plaintiff to have a claim for wrongful foreclosure, the property in question must have actually been sold at a foreclosure sale." (citation omitted)); *Smith v. J.P Morgan Chase Bank N/A*, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010) (Rosenthal, J.) ("[E]ven if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home." (citation omitted)); *Iroh v. Bank of America, N.A.*, 2015 WL 9243826, at *4 (S.D. Tex. Dec. 17, 2015).

2016 WL 2858903, at *5. Because Plaintiff remains in possession, he may not recover under this theory.

---

[7] Indeed, Plaintiff would have a difficult argument to make, as the property sold at the foreclosure sale for $121,000, and was valued at the time by county tax appraisal at $120,994. Pet. at 5; Harris County Appraisal District, *Real Property Account Information #1248880010002*, http://www.hcad.org/records/details.asp?crypt=%94%9A%B0%94 %BFg%85%8F%83%82pl%8El%88tXtZW%9E%99%A2%D3%89%95%C2e%7CU%8A%82%86%C0%AB%A8 %AD%86%5E&bld=1&tab=2 (July 15, 2016).

## 2.   Interpreted As Trespass to Try Title, Plaintiff's Claim Fails

Alternatively, Plaintiff's action to set aside the foreclosure could be construed as an action in trespass to try title. "Under Texas law . . . '[a]ny suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought.'" *James*, 2014 WL 2123060, at *7 (citing *Jordan v. Exxon Corp.*, 802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ)).  Trespass to try title is a statutory action with specific pleading requirements. *Singha v. BAC Home Loans Servicing, L.P.*, No. 13-40061, 2014 WL 1492301, at *5 (5th Cir. April 17, 2014) (citing Tex. Prop. Code Ann. § 22.001; Tex. R. Civ. P. 783). "To succeed, the 'Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitation, or (4) prove title by prior possession coupled with proof that possession was not abandoned.'" *Id.*  (quoting *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)). "The rule has long been established in [Texas] that where a deed is absolutely void, a suit at law in trespass to try title may be maintained to recover the land without setting the deed aside," *Slaughter v. Quails*, 162 S.W.2d 671, 674 (1942), and therefore that "[f]ailure to follow the terms of the deed of trust will give rise to a cause of action to set aside the trustee's deed." *University Sav. Add'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982) (citing *Slaughter*, 162 S.W.2d at 671)).  Therefore, the Court will construe Plaintiff's allegations seeking to set aside the foreclosure sale as a claim to trespass to try title. Pet. at 9; *see also James*, 2014 WL 2123060, at *7-8 (interpreting Plaintiff's action to set aside the foreclosure sale as, *inter alia*, a claim to trespass to try title).

The Court in *Kaechler v. Bank of Am., N.A.* held:

> [I]n order to be entitled to have a foreclosure sale set aside in Texas, a plaintiff must actually tender . . . the full amount owed on

the note. *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *9 (S.D. Tex. June 6, 2012) (citing *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835 (Tex.App.—Fort Worth 1999, pet. denied) (citation omitted); *see also Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Falk v. Wells Fargo Bank*, 2011 WL 3702666, at *7 (N.D. Tex. Aug. 19, 2011).

2013 WL 127555, at *7 (S.D. Tex. Jan. 9, 2013) (Ellison, J.).   Plaintiff has failed to allege that he tendered the amount owed on the note, and has conceded that he became delinquent in his payments. Pet. at 5. "Courts have held that when a plaintiff fails to affirmatively plead tender of the outstanding balance the complaint is subject to dismissal for failure to state a claim." *James*, 2014 WL 2123060, at *8 (citing *Ashton*, 2013 WL 3807756, at *7; *Kaechler*, 2013 WL 127555, at *7; *George-Baunchand v. Wells Fargo Home Mortgage, Inc.*, 2012 WL 2122198, at *2 (S.D. Tex. June 11, 2012) (Rosenthal, J.); and *Hill*, 2012 WL 2065377, at *8-9.).

Plaintiff has failed to plead that he has tendered the outstanding balance on his mortgage debt.  Accordingly, to the extent Plaintiff seeks to set aside the foreclosure sale under a cause of action of trespass to try title, the claim should be dismissed.

### 3. Plaintiff Has Properly Plead A Private Action Under § 51.002(d)

The typical avenues of a wrongful foreclosure claim are therefore closed off to Plaintiff, and, as explained below, because Plaintiff cannot establish that he fully performed, Plaintiff cannot allege breach of contract to salvage his claim that Defendant did not comply with § 51.002(d).  Because these claims are unavailable to Plaintiff, the Court will interpret Plaintiff's Complaint to as an attempt to assert a private action under Texas Property Code §51.002(d). Whether §51.002(d) provides a private right of action available to Plaintiff is unsettled.  "Neither the Texas Supreme Court nor [the Fifth Circuit Court of Appeals] has decided this issue, though 'the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action.'"  *Garza v. Wells Fargo Bank, N.A.*, 632 F.

10

App'x 222, 224 (5th Cir. Jan. 28, 2016) (citing *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. Nov. 20, 2015)).   In both *Garza* and *Rucker*, the Fifth Circuit assumed arguendo that §51.002(d) provided a private right of action, but affirmed the District Court dismissal of the claims on separate grounds.  *Garza*, 632 F. App'x at 224; *Rucker*, 806 F.3d at 830-31.

"When a private cause of action is alleged to derive from a constitutional or statutory provision, [the Court's] duty is to ascertain the drafter's intent."  *Brown v. De La Cruz*, 156 S.W.3d 560, 563 (Tex. 2004).   The Supreme Court of Texas has held "that the Texas Constitution created a private action for damages only if the language of the specific provisions involved clearly implied one."  *Id.* (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148-49 (Tex. 1995)).   When a court is asked to imply a private right of action, "[a]ccordingly, the answer . . . must be found in the language of [the statute]."  *Id.*  The Court further clarified the judicial role in identifying implied rights of action:

> Several courts of appeals have cited a rule of "necessary implication"—that when a legislative enforcement scheme fails to adequately protect intended beneficiaries, the courts must imply a private cause of action to effectuate the statutory purposes.  Some cite at the same time a contradictory rule of strict construction— that **causes of action may be implied only when a legislative intent to do so appears in the statute as written.**  The basis for the former rule appears to be federal cases that have now been abandoned in favor of the latter rule.  To the extent there has been confusion about the Texas rule, we too disapprove of the former in favor of the latter.

*Id.* (emphasis added).   The "latter rule" to which the Court refers in *Brown* is taken from *Alexander v. Sandoval.* 532 U.S. 275 (2001).

In *Alexander*, the United States Supreme Court held that "[t]he judicial task is to interpret the statute      . . . to determine whether it displays an intent to create not just a private right but also a private remedy.  Statutory intent on this latter point is determinative.  Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a

11

policy matter, or how compatible with the statute." *Id.* at 286-87 (internal citations omitted). "Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Id.* at 288 (quoting *California v. Sierra Club*, 451 U.S. 287, 294 (1981)). "Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals." *Id.* at 287 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 365 (1991) (Scalia, J., concurring in part and concurring in judgment)).

The language of § 51.002(d) of the Texas Property Code provides as follows:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). . . .

Tex. Prop. Code §51.002(d). The Texas Supreme Court has recognized that the purpose of the notice provisions of § 51.002 is to "protect the debtor by affording him a lengthy notice period in which he may cure." *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (Tex. 1987).

Here, the Property Code provision at issue focuses on both the regulated party, the mortgage servicer, and the protected party, the debtor/borrower. *Alexander*, 532 U.S. at 288. The provision requires the mortgage servicer to provide notice to the debtor that he is in default on his loan. Tex. Prop. Code § 51.002(d). In addition, the provision grants the debtor an opportunity to cure the default, and at least 20 days in which to do so. *Id.*

The language of § 51.002(d) creates an obligation for the mortgage servicer. *Id.* Under § 1.002 of the Texas Property Code, Texas' Code Construction Act applies to the terms of the Texas Property Code. Tex. Prop. Code § 1.002. The Code Construction Act, in turn, defines

certain commonly used statutory terms, including "shall," which should be read as a term which "imposes a duty." Code Constr. Act § 311.016(2). Section 51.002(d) therefore creates a duty for the mortgage servicer to provide the required notice to the debtor. Tex. Prop. Code § 51.002(d). Further, § 51.002(d) grants Plaintiff, as the debtor, a right to cure his default. *Id.*

The language of the statute "displays an intent to create not just a private right but also a private remedy." *Alexander*, 532 U.S. at 286-87. The circumstances surrounding default and foreclosure often preclude debtors, as here, from asserting claims based on wrongful foreclosure or breach of contract. The statute should therefore be read to grant Plaintiff a private right of action to enforce his right to cure and Defendant's obligation to provide proper notice. Without this right of action, the statute would serve to grant Plaintiff a right without an enforcement mechanism, thereby neutering the right.[8]

Without explicitly recognizing a private right of action, "several Texas courts have held that where a bank did not strictly comply with the notice requirements of Tex. Prop. Code § 51.002, as is alleged . . . here, the resulting foreclosure sale may be void." *Fraley v. BAC Home Loans Servicing, LP*, 2012 WL 779130 at *9 (N.D. Tex. Jan. 10, 2012), *report and recommendation adopted*, 2012 WL 779654 (N.D. Tex. Mar. 9, 2012) (citing *Lido Intern., Inc. v. Lambeth*, 611 S.W.2d 622, 624 (Tex. 1981); *Shearer v. Allied Live Oak Bank*, 758 S.W.940, 942 (Tex. App.—Corpus Christi 1988); and *Mitchell v. Texas Commerce Bank-Irving*, 680 S.W.2d 681, 682 (Tex. App.—Fort Worth 1984)).

---

[8] Some courts have also been willing to consider the possibility that nonjudicial foreclosures without proper statutory notice, as Plaintiff alleges here, could violate the § 392.301(a)(8) of the Texas Debt Collection Act, which states that a debt collector "may not use threats, coercion, or attempts to coerce that . . . threaten[] to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8); *see Brush v. Wells Fargo Bank, N.A.*, 911 F.Supp.2d 445, 474 (S.D. Tex. Nov. 29, 2012) (Rosenthal, J.). The Fifth Circuit has recently held, however, that where a mortgage servicer has not waived its contractual right to foreclose, and the borrower is in default, "irrespective of any statutory notice requirements, [the mortgage servicer does] not violate Section 392.301(a)(8) by threatening to foreclose." *Rucker*, 806 F.3d at 831.

13

Plaintiff should have the opportunity to vindicate his statutory right. The language of the statute, as well as its purpose, indicate that the legislature intended for Plaintiff to be able to do so, and therefore the Court will imply a private right of action under § 51.002(d). Accordingly, the Court recommends that Defendant's motion be denied in part, and that Plaintiff's § 51.002(d) claim not be dismissed.

## B. Plaintiff's Breach of Contract Cause of Action Fails As A Matter of Law

In Texas, the elements of a cause of action for breach of contract are: "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Group, Inc. v. Columbia Casualty Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (citations omitted).

Plaintiff alleges three of the four elements in his Complaint. Plaintiff alleges that he "entered into a valid and enforceable contract . . . in connection with [the] February 27, 2006[] agreement." Pet. at 7. In this contract, Plaintiff alleges that "the Lender agreed that it would not take steps to foreclose on the home . . . without giving first, a Notice of Default, and second, Notice of Trustee's Sale, to her [sic] at the address specified at closing." *Id.* Plaintiff alleges that "[a]ll conditions precedent have been satisfied," and that "[t]he Lender breached these provisions in the contract . . . by taking actions in contravention of this contract and for taking the actions in an effort to deprive the Property Owners of their home." *Id.*

Plaintiff has failed, however, to allege the second element of the cause of action: that the plaintiff performed. Quite to the contrary, Plaintiff alleges that he made payments on the loan, as required, for eight years, but then filed for bankruptcy. Pet. at 5. Further, after paying as required under the debt restructuring plan, Plaintiff was unable to obtain the identity of his new loan servicer. *Id.* He therefore fails to allege that he paid this new loan servicer as the loan

contract required.  "A plaintiff who has defaulted on his mortgage payments cannot establish performance, the second element."  *Farshchi*, 2016 WL 2858903, at *4 (citing *Brown v. Wells Fargo Bank, N.A.*, 2015 WL 926573, at *3 (S.D. Tex. Mar. 4, 2015) (Miller, J.); and *Owens v. Bank of America, NA*, 2012 WL 912721, at *4 (S.D. Tex. Mar. 16, 2012) (Hoyt, J.)).  "[A] party to a contract who is himself in default cannot maintain a suit for its breach." *Kaechler*, 2013 WL 127555, at *3 (citing *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999) (Ellison, J.)).[9]

Plaintiff has not plead, and cannot plead, his own performance under the contract. Therefore, he cannot maintain a cause of action for its breach.  Because Plaintiff cannot plead an essential element of the cause of action, the Court should dismiss Plaintiff's breach of contract cause of action.

### C. Plaintiff Is Not Entitled To An Accounting

Plaintiff seeks an order from the Court requiring "an independent audit and accounting of the amount due and owing on the note, the just amount due for expenses and the amount paid in excess at the foreclosure sale."  Pet. at 6.  Wells Fargo moves to dismiss because "Texas law does not provide a cause of action for an 'accounting' . . . and . . . an 'accounting' is a remedy and not a cause of action."  WF Mot. at 8.  In other words, Wells Fargo "moves to dismiss because an accounting is an equitable remedy, not an independent cause of action." *Donnelly v. JP Morgan Chase, NA*, 2014 WL 429246, at *3 (S.D. Tex. Feb. 4, 2014) (Rosenthal, J.).

---

[9] "The Fifth Circuit has held that a mortgagor who has defaulted on the underlying note cannot maintain a cause of action for a mortgagee's subsequent breach of the deed of trust because 'a party in default cannot assert a claim for breach against the other party.'" *James*, 2014 WL 2123060, at *7 (citing *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 509 F.App'x 367, 369 (5th Cir. 2013); *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)); *see also Thomas v. EMC Mortgage Corp.*, 499 F. App'x 337, 341 (5th Cir.2012). *But see Miller v. CitiMortgage, Inc.*, 970 F.Supp.2d 568, 580 (N.D.Tex.2013) (noting that "the contractual terms that Plaintiff alleges were ... breached are terms that would come into effect if the lender claims a default and pursues acceleration, such as when, for example, the borrower fails to make payments"); *Gatling v. CitiMortgage, Inc.*, 2013 WL 1625126, at *6 (S.D.Tex. April 15, 2013) (Rosenthal, J.) ("The notices at issue presuppose that the recipient is in breach of her contractual obligations. Failure to provide the required notice is nonetheless actionable.").

The law on whether an accounting is a remedy or a claim is split.  As the Court explained in *Donnelly:*

> Some courts have stated that "an accounting is an equitable remedy that is not an independent cause of action." *Watson v. Aurora Loan Servicing LLC*, 2012 WL 3594233, at *10 (N.D. Tex. Aug. 21, 2012) (citing *Henry v. CitiMortgage, Inc.*, 2011 WL 2261166, at *8 (E.D. Tex. May 10, 2011)); *see also Aguirre v. Nationstar Mortg. LLC*, 2014 WL 125957, at *2 (Werlein, J.) ("Furthermore, an accounting is a remedy, not an independent cause of action." (citing *Moye v. Fed. Home Loan Mortg. Corp.*, 2012 WL 3048858, at *5 (S.D. Tex. July 25, 2012) (Ellison, J.)).
>
> Other courts, however, have treated an action for an accounting as a suit in equity as well as a remedy.  *Compare Hutchings v. Chevron  USA, Inc.*, 862 S.W.2d 752, 762 (Tex.App.—El Paso 1993, writ denied) (treating accounting as an equitable remedy), *with Palmetto Lumber Co. v. Gibbs*, 124 Tex. 615, 626-27 (Tex. 1935) (treating an accounting as an equitable cause of action); *see Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex.App.—Corpus Christi 2001, no pet.) [*abrogated on other grounds as recognized in Buck v. Palmer*, 2010 WL 5167704 (Tex.App.—Corpus Christi 2010, pet. filed Mar. 4, 2011)] ("An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." (comparing *Hutchings*, 862 S.W.2d at 762 with *Palmetto*, 123 Tex. At 626027, 72 S.W.2d 1068)). Other courts in this circuit have cited *Michael* in finding an independent equitable cause of action.  *See, e.g., Shaw v. Wells Fargo Bank, NA*, 2013 WL 4829268, at *6 (S.D. Tex. Sept. 10, 2013) (Harmon, J.); *Saenz v. JP Morgan Chase Bank, N.A.*, 2013 WL 3280214, at *5 (S.D. Tex. June 27, 2013) (Alvarez, J.).

2014 WL 429246, at *3.

"Whether an accounting is only an equitable remedy or also an independent cause of action, it is appropriate only 'when the facts and accounts presented are so complex that adequate relief may not be obtained at law.'"  *Id.* (citing *Hutchings v. Chevron USA, Inc.*, 862 S.W.2d 752, 754 (Tex.App.—El Paso 1993, writ denied); *see also Watson v. CitiMortgage*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) ("If Plaintiffs' request for an accounting is a separate, equitable cause

of action, it is a proper action when the facts and accounts at issue are so complex that adequate relief cannot be obtained at law." (internal quotations omitted)).

An accounting is improper here because Plaintiff has failed to allege "facts and accounts [that] are . . . so complex that adequate relief may not be obtained at law." *Dyke*, 41 S.W.3d at 754. In an analogous case against Wells Fargo in the United States District Court for the Western District of Texas, the plaintiff failed to allege that "the facts surrounding his mortgage payments are so complex that adequate relief cannot be obtained by law." *Sauceda v. Wells Fargo Bank, N.A.*, 2013 WL 690534, at *2 (W.D. Tex. Feb. 25, 2013). The Court held the facts plead were not sufficient to warrant an accounting. *Id.* Plaintiff's "bare assertion that [he] is entitled to an accounting is inadequate as a matter of law . . . . [Plaintiff] has not pleaded any basis to support an inference that the documents [he] seeks cannot be obtained through ordinary procedures. Nor has [he] pleaded any basis to infer that this case is so complex that adequate relief cannot be obtained at law." *Donnelly*, 2014 WL 429246, at *4; *see also McLaughlin v. Wells Fargo Bank, N.A.*, 2013 WL 5231486, at *6 (S.D. Tex. Sept. 13, 2013) (Harmon, J.) ("Here, there are no allegations that either the facts or the account at issue is complex, or that Plaintiff cannot obtain the accounting information he seeks through discovery. Thus, Plaintiff has not set forth any facts that would support a separate claim in equity for an accounting, and any such claim is subject to dismissal under Rule 12(b)(6)." (citations omitted)).

The motion to dismiss the claim for an accounting should be granted.[10]

---

[10] Under either interpretation of Plaintiff's accounting claim, dismissal is appropriate. If an accounting is nothing more than a remedy, then "[i]t is not available where there is no viable cause of action." *Barcenas*, 2013 WL 2261166, at *8 (citing *Franklin v. BAC Home Loans Servicing, L.P.*, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), *rec. adopted*, 2012 WL 2688809 (N.D. Tex. July 5, 2012)).

### D. Plaintiff's Fraud Claims Should Be Dismissed

Plaintiff's fraud claims fail for lack of specificity.  Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Federal Rule of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims." *James*, 2014 WL 2123060, at \*4.  The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).  "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Porter*, 607 F.3d 1029, 1033-34 (5th Cir. 2010) (citation omitted).

### i.  Plaintiff's Common Law Fraud Claim Is Not Sufficiently Plead

"To allege common law fraud, a plaintiff must plead that '(1) a material representation was made, (2) that the representation was false[] when [it] was made, (3) the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) that the speaker made the misrepresentation with the intent that the other party should act upon it, (5) the party acted in reliance on the misrepresentation, and (6) the party thereby suffered injury.'" *Farshchi*, 2016 WL 2858903, at \*4 (citing *Motten*, 831 F. Supp. 2d at 1005; and *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)); *see also James*, 2014 WL 2123060, at \*4 (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Cos.*, 51 S.W.2d 573, 577 (Tex. 2001)).

In his Complaint, Plaintiff asserts that "[t]he Lenders' statements concerning the contemplated . . . forbearance (to permit the short sale)[11] was a material misrepresentation of fact

---

[11] Plaintiff does not mention this forbearance plan elsewhere in the Petition, although he does mention an agreement to permit Lenders to enter a short sale in his cause of action for breach of contract. Pet. at 7.

. . . ." and further asserts that this misrepresentation was "made with the knowledge of [its] falsity or made recklessly," "was made . . . for the purpose of inducing [Plaintiff] to enter into a contract," was "relied upon by [Plaintiff]," and that "[Plaintiff] thereby suffered injury." Pet. at 8. Plaintiff also asserts that Defendant is also liable for fraud through failure to disclose relevant information. *Id.* Plaintiff's allegations are fatally defective because they do no more than track the elements of the claim. *Motten*, 831 F. Supp. 2d at 997 (holding a fraud claim "fatally deficient because it does not allege any facts nor identify any wrongful conduct by [Defendant]. It is composed of conclusory statements that loosely track the elements of a claim for fraud.")

Plaintiff's common law fraud claim fails to meet the heightened pleading requirements of Rule 9(b). Plaintiff alleges that he relied upon the false statements and failure to disclose material facts of "[t]he Lenders," and thereby suffered injury, but he fails "to state in sufficient detail what statements were fraudulent, identify the speaker, or state when and where the statements were made." *James*, 2014 WL 2123060, at *5 (citing *Khan v. Wells Fargo Bank, N.A.*, 2014 WL 200492, at *7 (S.D. Tex. Jan. 17, 2014) (Atlas, J.)). Plaintiff also fails to explain why the statements were fraudulent or to provide any factual enhancement for his conclusory allegation that "[t]he misrepresentations were made with the knowledge of their falsity or made recklessly without any knowledge of their truth . . . with the intention that they should be acted [upon] by [Plaintiff]." Pet. at 8.

Plaintiff's common law fraud claim simply asserts that Defendant has met each of the requirements for the cause of action, without specifying "the who, what, when, where, and how . . . ." *Shandong Yinguang*, 607 F.3d at 1033-34. Since "a formulaic recitation of the elements

of a cause of action will not do," *Twombly*, 550 U.S. at 555, Plaintiff's claim does not rise to the level Rule 12 (b)(6) requires, let alone the heightened pleading standard of Rule 9(b).

Accordingly, this Court recommends that Plaintiff's claim for common law fraud be dismissed for failure to state a claim upon which relief can be granted.

### ii.  Plaintiff's Statutory Fraud Claim Is Not Sufficiently Plead

Plaintiff also alleges a cause of action for statutory fraud against Wells Fargo, but fails to cite any specific statute as the source of this cause of action in either the Complaint or Response. Pet. at 8; Resp. to WF Mot. at 1.   Nonetheless, it appears that Plaintiff is attempting to state a cause of action under § 27.01 of the Texas Business & Commerce Code, the elements of which "are essentially identical to the elements of common law fraud except that section 27.01 does not require proof of knowledge or recklessness as a prerequisite to the recovery of actual damages." *Massey v. EMC Mortgage Corp.*, 546 Fed. App'x 477, 482 (5th Cir. 2013) (quoting *Trinity Indus., Inc. v. Ashland, Inc.*, 53 S.W.3d 852, 867 (Tex.App. –Austin 2001, pet. denied)).

"However, '[s]ection 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock.'" *James*, 2014 WL 2123060, at *4 (citing *Burleson State Bank v. Plunkett*, 27 S.W.3d 605, 611 (Tex.App.—Waco 2000, pet. denied)).  "A loan transaction, even if secured by land, is not considered to come under the statute." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 343 (5th Cir. 2008) (quoting *Burleson*, 27 S.W.3d at 611).  Plaintiff does not allege any facts regarding a contract with Wells Fargo for the sale of land between the parties.  Accordingly, § 27.01 does not apply, and Plaintiff's statutory fraud claim fails as a matter of law. *See James*, 2014 WL 2123060, at *4; *Massey*, 546 F. App'x at 482; *Dorsey*, 540 F.3d at 343; *Ashton*, 2013 WL 3807756, at *6; *Pradhan v. JPMorgan Chase Bank, N.A.*, 2013 WL 617061, at *3 (E.D. Tex. Feb. 19, 2013).

Additionally, "Rule 9(b) also applies to statutory fraud claims arising under Tex. Bus. & Comm. Code § 27.01," *In re Enron Corp. Securities, Derivative & Erisa Litigation*, 762 F. Supp. 2d 942, 958 (S.D. Tex. Dec. 8, 2010) (Harmon, J.) (citing *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008)). Because Plaintiff alleges his statutory and common law fraud claims simultaneously in his Petition, his claim for statutory fraud fails for the same lack of particularity as his claim for common law fraud.

Accordingly, this Court recommends that Plaintiff's claim for statutory fraud be dismissed for failure to state a claim upon which relief can be granted.

### iii. The Economic Loss Rule

Wells Fargo also argues that the economic loss rule precludes Plaintiff from claiming fraud in this matter. WF Mot. at 10-11. In Texas, "the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties." *Clark v. Bank of America, N.A.*, 2012 WL 4793465, at *5 (N.D. Tex. Aug. 1, 2012) (citing *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). "A claim in tort will not lie when the only injury alleged is for economic damages that are caused by the failure to perform a contract. Nevertheless, a plaintiff may bring a tort claim if she can establish that she suffered an injury independent of the economic losses caused by the breach of contract." *Id.* (citation omitted).

Where the plaintiff alleges no damages other than those economic damages suffered from breach of contract, some courts have barred claims for fraud or negligent misrepresentation. *See Gonzales v. Bank of America, N.A.*, 2013 WL 140093, at *2 (S.D. Tex. Jan. 10, 2013) (Froeschner, J.) ("Plaintiffs have not alleged any independent injury outside the economic losses caused by [Defendant's] alleged breach of the contract, therefore, they cannot maintain a claim

for fraud."); *Daryani v. Wells Fargo Bank, N.A.*, 2012 WL 3527924, at *3 (S.D. Tex. Aug. 13, 2012) (Stacy, J.) ("Here, any complaints by Plaintiff about Wells Fargo's misrepresentations, or their failure to provide information relating to the loan . . . , relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a fraud claim.") (citing *Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex.App.—Fort Worth 2006, pet. denied) (holding that the economic loss rule barred a fraud claim)).

However, courts have also held that the economic loss rule does not necessarily bar fraud claims. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 764-65 (N.D. Tex. Mar. 29, 2012) ("Defendant does not address relevant case law holding that the economic loss rule does not bar fraud and fraudulent inducement claims.") (citing *Cardinal Health Solutions, Inc. v. Valley Baptist Med. Ctr.*, 2009 WL 150942, at *20 (S.D. Tex. Jan. 21, 2009) (Hanen, J.) (holding that the economic loss doctrine did not bar a fraudulent misrepresentation claim because the parties to the contract had an independent duty not to commit the intentional tort of fraud); *Experian Info. Solutions, Inc. v. Lexington Allen, L.P.*, 2011 WL 1627115, at *12 (E.D. Tex. Apr. 7, 2011) (holding that the economic loss rule did not apply to fraud claims, including claims for fraud in the performance and fraudulent omission); *Gruber v. Deuschle*, 2012 WL 523957, at *7 (N.D. Tex. Apr. 5, 2002); *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (fraudulent inducement claims are not subject to the economic loss rule under Texas law)).   "[A]s a matter of law the economic loss rule does not apply to fraud claims because the parties to a contract have an independent duty not to commit the intentional tort of fraud." *Auriti v. Wells Fargo Bank, N.A.*, 2013 WL 2417832, at *5 (S.D. Tex. June 3, 2013) (Costa, J.) (quoting *Barcenas*, 2013 WL 286250, at *7 (citations omitted)); *see also Experian*, 2011 WL 1627115, at *12 (E.D. Tex. Apr. 7, 2011) ("economic loss rule does

22

not apply to fraud claims, including claims for fraud in the performance and fraudulent omission.").

This Court is unable to determine whether Plaintiff's fraud claims are barred under the economic loss rule because Plaintiff's common law and statutory fraud claims have not been plead with sufficient particularity. Fed. R. Civ. P. 9(b).

### E.  Plaintiff Fails to State A Claim For Declaratory Relief

"Pursuant to Tex. Civ. P. & Rem. Code, chapter 37, [Plaintiff] seeks a declaratory judgment.  In addition, [Plaintiff] seeks clarification of rights, status, or legal relations existing between the parties and the properties involved." Pet. at 7.  Plaintiff therefore seeks relief from the Court under the Texas Declaratory Judgment Act. "However, district courts cannot award relief pursuant to the Texas Declaratory Judgment Act because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *James*, 2014 WL 2123060, at *8 (citing *Falk v. Wells Fargo Bank*, 2011 WL 3702666, at *4 (N.D. Tex. Aug 19, 2011)).

"Because this action was removed from state court, 'the action may be construed as one brought under the federal Declaratory Judgment Act.'" *Miller*, 970 F. Supp. 2d at 591 (quoting *Hurd*, 880 F. Supp. 2d at 769); *see also Bell v. Bank of America Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (Ellison, J.) ("When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act."). "The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under substantive law."

*James*, 2014 WL 2123060, at *8 (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937); and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1178 (5th Cir. 1984)).

Because the Court finds that Plaintiff has stated a cause of action under Texas Property Code § 51.002(d), the Court cannot say that "no basis remains for the declaratory judgment requested in the [Complaint]." *James*, 2014 WL 2123060.  However, as currently plead, there is no basis to discern the Plaintiff's Declaratory Judgment Act claim.  Accordingly, the Court recommends that Plaintiff's claim for declaratory judgment be dismissed.

### F.  Plaintiff Fails To State A Claim For Injunctive Relief

Liberally construed, Plaintiff's Complaint seeks permanent injunctive relief in setting aside the foreclosure sale and returning title to Plaintiff.  Pet. at 9.  Under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.,* 2010 WL 2772445, *4 (N.D.Tex.2010) (citing *Brown v. Ke–Ping Xie,* 260 S.W.3d 118, 122 (Tex.App.2008)). "To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action." *McLaughlin*, 2013 WL 5231486, at *6 (citing *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002)); *see also Bejjani v. Wilmington Trust Co.*, 2011 WL 3667569, at *6 (S.D. Tex. Aug. 22, 2011) (Hoyt, J.) ("A request for injunctive relief, absent another successful legal cause of action, is fatally defective and does not state a claim.") (citing *Amoco Prod. Co. v. Vil. of Gambell*, 460 U.S. 531, 546 n.12 (1987)).

Because Plaintiff has failed to state a cause of action for wrongful foreclosure, there is no basis for injunctive relief as plead.  Therefore, the Court recommends that Plaintiff's claim for injunctive relief be dismissed.

### G. Plaintiff Is Not Entitled To Attorney's Fees

"The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." *Kona Tech Corp. v. Southern Pacific Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). "As a general rule, attorney's fees are not recoverable in Texas unless provided for by contract or by statute." *Jeanbaptiste v. Wells Fargo Bank, N.A.*, 2014 WL 2158415, at *12 (N.D. Tex. May 22, 2014) (citing *Lopez v. Los Cielos Homeowners Ass'n, Inc.*, 2013 WL 1636433, at *2 (Tex.App.—Eastland Apr. 11, 2013, no pet.)). "Pursuant to the Tex. Civ. Prac. and Rem. Code, 'reasonable attorney's fees may be recovered in certain types of suits, such as suits on a sworn account or a written contract.'" *Id.* (citing Tex. Civ. Prac. & Rem. Code § 38.01). "To recover attorneys' fees, Plaintiff[] must prevail on a cause of action for which attorneys' fees are recoverable." *Velasquez v. Wells Fargo Bank, N.A.*, 2014 WL 1877665, at *6 (S.D. Tex. May 9, 2014) (Kazen, J.) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)).

Because Plaintiff's breach of contract claim fails, Plaintiff cannot presently "prevail on a cause of action for which attorney's fees are recoverable." *Jeanbaptiste*, 2014 WL 2158415, at *12; *see also Velasquez*, 2014 WL 1877665, at *6 ("Because Plaintiff has failed to state any claim upon which relief can be granted, she may not recover attorneys' fees."); *Franklin*, 2012 WL 2679496, at *13 (dismissing request for attorney's fees where all of the plaintiff's claims were subject to dismissal)). The Court recommends that Plaintiff's claim for attorney's fees be dismissed.

### IV.   Plaintiff Should Be Granted Leave to Amend His Complaint For Certain Claims

"When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with

prejudice, unless it is clear that to do so would be futile." *Donnelly*, 2014 WL 429246, at *2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.")). While it is within the discretion of the court to grant leave to amend, "a plaintiff should be denied leave to amend a complaint if the court determines that 'the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face.'" *Id.* (citing 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE § 1487 (2d ed. 1990); *Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.")).

Plaintiff's claim to set aside the foreclosure sale, construed as a cause of action for wrongful foreclosure, fails as a matter of law. While Plaintiff asserts the first element of the cause of action, "(1) a defect in the foreclosure sale proceedings," he does not assert the final two elements of the claim: "(2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price." *Farshchi*, 2016 WL 2858903, at *5. Further, Plaintiff remains in possession of the property, which precludes a claim for wrongful foreclosure. *Id.* Plaintiff's claim also fails as a matter of law when construed as a trespass to try title action. Because Plaintiff does not assert that he has tendered the outstanding balance on his mortgage debt, he cannot assert this claim. *Hill*, 2012 WL 2065377, at *9; *James*, 2014 WL 2123060, at *8.

Plaintiff's has, however, properly stated a claim under Texas Property Code § 51.002(d). Because Plaintiff may not have expected the Court's recognition of a private right of action under § 51.002(d), and the claim is therefore not plead with particular clarity, the Court recommends that Plaintiff be granted leave to amend his Complaint to state this claim expressly.

Plaintiff's claim for breach of contract fails as a matter of law. Plaintiff has not alleged that he performed under the contract. Pet. at 5. His bankruptcy and subsequent failure to locate the appropriate loan servicer indicate that Plaintiff cannot allege performance. *Id.* Plaintiff's performance is a necessary element of the claim. *Farshchi*, 2016 WL 2858903, at *4. An amendment would be therefore be futile, and Plaintiff's claim for breach of contract should be dismissed with prejudice.

Plaintiff's claim for an accounting also fails. Plaintiff has not alleged that "the facts and accounts presented are so complex that adequate relief may not be obtained at law." Donnelly, 2014 WL 429246, at * 3 (citing *Hutchings*, 862 S.W.2d at 754). Regardless of whether the Court considers an accounting to be an independent cause of action or only an equitable remedy, it is therefore not appropriate here. Plaintiff cannot allege that the facts presented in this case are so complex as to entitle him to an accounting. Amendment would therefore be futile, and Plaintiff's claim for an accounting should be dismissed with prejudice.

Plaintiff's common law fraud claim does not meet the heightened pleading standard of Rule 9(b). Because Plaintiff's common law fraud claim fails for lack of specificity, rather than as a matter of law, amendment would not be futile. Plaintiff should be given leave to amend, and his common law fraud claim should be dismissed without prejudice. Plaintiff's statutory fraud claim, on the other hand, fails as a matter of law. Because § 27.01 of the Texas Business and Commerce Code does not apply to Plaintiff's loan transaction, amendment of his claim would be

futile. *James*, 2014 WL 2123060, at *4. Plaintiff's statutory fraud claim should therefore be dismissed with prejudice.

Plaintiff's claims for declaratory judgment and injunctive relief rely are dependent upon another claim for relief being alleged. Plaintiff appears to allege a claim for relief under § 51.002(d), but has not done so clearly. Further, Plaintiff may be able to sufficiently replead his claim for common law fraud. As such, the Declaratory Judgment Act and injunctive relief claims should be dismissed without prejudice, and Plaintiff should be granted leave to amend.

Plaintiff's claim for attorney's fees is dependent upon his breach of contract claim, which should be dismissed with prejudice. The Court therefore recommends that this claim be dismissed with prejudice.

Accordingly, because Plaintiff has not yet had an opportunity to cure pleading deficiencies in this case, this Court recommends that Plaintiff be given leave to amend his Complaint to the extent that such amendment would not be futile, consistent with the ruling of this Court. *See Great Plains Trust*, 313 F.3d at 329.

## V.    Conclusion

The Court **RECOMMENDS** that Wells Fargo's Motion to Dismiss be **GRANTED** in part and **DENIED** in part, that Kesler's Motion to Dismiss be **GRANTED** in part and **DENIED** in part, and that Plaintiff be given leave to amend his complaint. The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

DATE: July 15, 2016

**DENA HANOVICE PALERMO**
**UNITED STATES MAGISTRATE JUDGE**